UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:25-cv-1352 AC P |
| Petitioner, | |
| v. | ORDER |
| P. COVELLO, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Although the petition provides information regarding plaintiff's conviction in the Sacramento County Superior Court, it clearly challenges a disciplinary conviction. ECF No. 1. However, even though petitioner lost good time credits, because he indicates that he is serving an indeterminate sentence (id. at 2), and there is no indication that he has been found suitable for parole, it appears that the court lacks habeas jurisdiction. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal

1  remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However,
2  "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at
3  'the core of habeas corpus,' and may be brought, if at all, under § 1983." Nettles v. Grounds, 830
4  F.3d 922, 930 (9th Cir. 2016) (en banc) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13
5  (2011)).

6  "[A] district court may construe a petition for habeas corpus to plead a cause of action
7  under § 1983 after notifying and obtaining informed consent from the prisoner." Id. at 936. A
8  district court may re-characterize a habeas petition "'[i]f the complaint is amendable to
9  conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'"
10 Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). Because the instant petition
11 appears amenable to conversion,[1] petitioner will be given the option of proceeding with this case
12 as a habeas petition or converting the petition to a § 1983 civil complaint. If petitioner chooses to
13 proceed with this case as a habeas petition, he must provide an explanation showing that success
14 will result in his immediate or speedier release,[2] or be subject to a recommendation that this
15 action be dismissed for lack of jurisdiction. If petitioner wants to convert this case to a § 1983
16 complaint, he must file an amended complaint using the form provided by the court. Petitioner is
17 advised that if he chooses to convert this action to a § 1983 complaint, he will be obligated to pay
18 the full filing fee of $350.00, even though he has been granted leave to proceed in forma pauperis.
19 Petitioner will be responsible for an initial partial filing fee and thereafter payments from
20 petitioner's trust account will be forwarded to the clerk of court any time the amount in the
21 account exceeds $10 until the filing fees are paid. See 28 U.S.C. § 1915(b)(1)(A), (B);
22 § 1915(b)(2). Petitioner is also free to voluntarily dismiss this action.
23         Accordingly, IT IS HEREBY ORDERED that:
24     1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
25     2. Within thirty days of the service of this order petitioner must either (1) notify the court

---

[1] The court takes no position on whether petitioner can state a viable § 1983 claim.
[2] This would generally be done by showing that petitioner is determinately sentenced or has been found suitable for parole.

2

that he wants to continue with this case as a habeas action, and explain why success would entitle him to immediate or a speedier release from imprisonment; (2) file an amended complaint on the form provided to convert this action to a civil rights complaint under § 1983; or (3) file a notice of voluntary dismissal.

    3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 29. 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE