UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA | No. 2:25-cv-1352 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| P. COVELLO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.   Procedural History

After reviewing the petition, the undersigned determined that petitioner is challenging a prison disciplinary conviction and that he is serving an indeterminate sentence. ECF No. 6. Petitioner was advised that the court did not appear to have habeas jurisdiction over his claim, and he was given the option of continuing this case as a habeas action, filing an amended complaint to convert this action to a civil rights complaint under § 1983, or filing a notice of voluntary dismissal. Id.  In the event petitioner chose to proceed on his petition, he was further instructed to provide an explanation showing that success would result in his immediate or speedier release and was cautioned that failure to make such a showing would result in a recommendation that this action be dismissed for lack of jurisdiction. Id. at 2.  Petitioner has now filed a notice advising the court that he intends to continue this case as a habeas action. ECF No. 7.

II.     The Petition

The petition alleges due process violations related to a disciplinary hearing which led to the loss of ninety days of good-time credits. ECF No. 1. Petitioner is serving an indeterminate life sentence, and he seeks reversal and removal of the rules violation report from his record. Id. at 2, 8. In notifying the court that he would like to proceed with this case as a habeas action, petitioner argues that Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), stands for the proposition that claims for the restoration of good-time credits are within the core of habeas and that while they may be brought under § 1983, it is not required. ECF No. 7. He further states that restoration of his good-time credits has "a direct impact on his potential release date" and that his indeterminate sentence is irrelevant to whether this case can proceed in habeas. Id. at 2.

III.    Discussion

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In order for the court to have habeas jurisdiction over petitioner's claims, success on the petition must necessarily result in his speedier release. Nettles, 830 F.3d at 935.

Though petitioner accurately quotes Nettles in his response, he misinterprets its discussion of cases addressing the scope of § 1983 versus habeas as the court's holding, see ECF No. 7 at 1 (quoting Nettles, 830 F.3d at 928). Contrary to petitioner's belief, Nettles explicitly forecloses his ability to proceed on his claim in a habeas action. The Ninth Circuit held in Nettles that "[s]uccess on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35. Petitioner Nettles was indeterminately sentenced and challenging a disciplinary conviction for which he lost good-time credits. Id. at 925-26. The court reasoned that because Nettles was indeterminately sentenced, expungement of the challenged disciplinary conviction would not necessarily lead to a shorter sentence because even without the disciplinary conviction the parole board could still deny parole on other grounds. Id. at 934-35.

1        Just like Nettles, petitioner is serving an indeterminate sentence and is challenging a
2   disciplinary conviction for which he lost good-time credits.  ECF No. 1 at 2, 5-8.  There is no
3   indication in the filings that petitioner has been found suitable for parole or been given a parole
4   date.[1]  "[T]he award of Good Conduct Credit shall advance an incarcerated person's release date
5   if sentenced to a determinate term or advance an incarcerated person's initial parole hearing date
6   pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate
7   term with the possibility of parole."  Cal. Code Regs. tit. 15, § 3043.2(b).  Because petitioner is
8   serving an indeterminate sentence and has not been found eligible for parole, restoration of good-
9   time credits will not necessarily result in immediate or speedier release.  Restoration of the credits
10  will only advance the date of his parole eligibility and would not guarantee that petitioner would
11  be found suitable for parole.
12       For these reasons, success on the petition would not necessarily result in petitioner's
13  speedier release and this court lacks habeas jurisdiction.
14       IV.    Certificate of Appealability
15       Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must
16  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A
17  certificate of appealability may issue only "if the applicant has made a substantial showing of the
18  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these
19  findings and recommendations, a substantial showing of the denial of a constitutional right has
20  not been made in this case.  Therefore, no certificate of appealability should issue.
21       V.     Plain Language Summary of this Order for a Pro Se Litigant
22       The petition should be dismissed because even if you are successful on your claims, it will
23  not result in you being released sooner, so the court does not have habeas jurisdiction.
24  ////
25  ////
26  ////

---

[1] The California Department of Corrections and Rehabilitation's website indicates that petitioner will be eligible for parole consideration in March 2038.

3

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petitioner's application for writ of habeas corpus be dismissed for lack of habeas jurisdiction.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: July 11, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE